IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| STEADFAST INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>v.<br><br>MIDSOUTH STEEL, INC.<br><br>          Defendant. | CIVIL ACTION NO. 2:18-cv-00407-DCN<br><br>**COMPLAINT**<br>**(Breach of Contract)**<br>**(Jury Trial Demanded)** |

The Plaintiff, Steadfast Insurance Company, complaining of the Defendant, Midsouth Steel, Inc., alleges as follows:

1. Plaintiff, Steadfast Insurance Company ("Steadfast" or "Plaintiff") is an insurance company organized and existing under the laws of Delaware and has its principal place of business in Schaumburg, Illinois.

2. Steadfast asserts its claims in this case pursuant to payment issued under a policy of insurance with DPR Construction, Inc., d/b/a DPR Hardin Construction, ("DPR").

3. Defendant, Midsouth Steel, Inc., ("Midsouth" or "Defendant") is, upon information and belief, a Georgia corporation which transacts business in the State of South Carolina.

4. That the amount in controversy in this matter, exclusive of interest and costs, exceeds $75,000.00.

5. That this Court has original jurisdiction of this action under the provisions of 28 U.S.C. §1332 as the parties are citizens of different States and that venue in this District is appropriate under 28 U.S.C. §1391 as a substantial part of the events or alleged omissions giving rise to the claim occurred in this District.

6. That this case is appropriately filed in the Charleston Division of this Court as a substantial part of the events or omissions giving rise to the claims made herein occurred in the Charleston Division.

## BACKGROUND AND FACTS

7. Steadfast hereby re-alleges and incorporates by reference each of the paragraphs above as if fully set forth herein.

8. Regent/BN Charleston Holdings, LLC, ("Owner") engaged DPR to construct the Charleston Midtown project, consisting of a hotel, parking garage, two outbuildings, and to make minor revisions to two small existing buildings in Charleston, SC (the "Project").

9. DPR selected Midsouth as a subcontractor for certain steel-related work including structural steel, miscellaneous steel, stairs, and other ancillary steel items for the Project.

10. Midsouth entered into a Subcontract Agreement on November 15, 2013 (the "Subcontract") with DPR, pursuant to which Midsouth agreed to furnish all labor, services, materials, equipment, and other facilities related to the "Structural Steel, Miscellaneous Steel, Stairs and more" for the lump sum amount of $1,543,687.

11. Midsouth failed to perform its obligations under the Subcontract by, including, but not limited to:

    a. Midsouth failed to provide acceptable shop drawings for the Project;

    b. Midsouth failed to provide welds that were properly crafted, that met specification requirements, or that were acceptable to standard practice;

    c. Midsouth failed to improve or correct the deficiencies noted with the defective welds;

    d. Midsouth failed to provide an installation crew that was certified to weld;

e. Midsouth failed to adhere to AISC weld practices during its work on the Project;

f. Midsouth experienced fabrication issues leading to late delivery of fabricated steel and incorrectly fabricated steel;

g. Midsouth failed to provide other materials as required by the schedule set forth in the Subcontract;

h. Midsouth failed to leave certain critical connections unpainted;

i. Midsouth failed to adhere to the schedule provided by the Subcontract; and

j. Midsouth failed to provide quality work which resulted in multiple failed inspections throughout the Project.

12. DPR declared Midsouth in default as a result of Midsouth's failure to perform its obligations under the Subcontract.

13. As a result of Midsouth's failure to perform its obligations under the Subcontract, DPR submitted a claim with Steadfast relating to DPR's policy of insurance issued by Steadfast.

14. Steadfast investigated that claim from DRP.

15. DPR engaged other subcontractors to perform the remaining work of which these subcontractors have tracked all costs associated with the work.

16. The damages caused by Midsouth's breach are Two Million Seven Hundred Twenty-Three Thousand Forty and 0/100 ($2,723,040.00) Dollars, and Steadfast has made payments in response to a claim under DPR's policy.

**FOR A FIRST CAUSE OF ACTION**
(Breach of Contract)

17. Steadfast hereby re-alleges and incorporates by reference each of the paragraphs above as if fully set forth herein.

18. As a result of the default, the Project was not completed as contracted for, requiring DPR to find and contract with a different subcontractor, causing damages and losses to DPR.

19. Midsouth's default has caused damage of Two Million Seven Hundred Twenty-Three Thousand Forty and 0/100 ($2,723,040.00) Dollars, plus costs, reasonable attorney's fees, pre-judgment interest and for any other relief that this Court deems reasonable, necessary and just.  Steadfast, as DPR's subrogee, has made payments to DPR and has been damaged by the default.

## FOR A SECOND CAUSE OF ACTION
### (Equitable Subrogation)

20. Steadfast hereby re-alleges and incorporates by reference each of the paragraphs above as if fully set forth herein.

21. DPR suffered a loss for which Midsouth is liable due to DPR's failure to complete the work contracted for, Midsouth failing to meet its duties and responsibilities, and ultimately resulting in the termination of the relationship between DPR and Midsouth, and the termination of Midsouth prior to the completion of the work contracted for.

22. Despite Steadfast having paid DPR for expenses incurred to have the work completed, the loss was one for which Steadfast was not primarily liable.

23. Midsouth's default has caused damage of Two Million Seven Hundred Twenty-Three Thousand Forty and 0/100 ($2,723,040.00) Dollars, plus costs, reasonable attorney's fees, pre-judgment interest and for any other relief that this Court deems reasonable, necessary and just.  Steadfast, as DPR's subrogee, has made payments to DPR and has been damaged by such default.

24. Steadfast's payment for the claim to DPR was solely to protect its own interest, not as a volunteer, and thus, said payment was made involuntarily.

25. DPR had an existing cause of action against Midsouth that DPR could have asserted for its own benefit had it not been compensated for its loss by Steadfast.

26. Justice requires that the loss be shifted from Steadfast to Midsouth in a proportionate amount of the claim that is attributable to Midsouth.

27. Steadfast is entitled to equitable subrogation from Midsouth for its proportionate share of the amounts paid in connection with the claim.

WHEREFORE, Plaintiff, Steadfast Insurance Company as assignee and subrogee of DPR Construction, Inc., d/b/a DPR Hardin Construction, prays for:

1. Judgment against the Defendant Midsouth Steel, Inc., for damages incurred plus late fees and costs of collection;
2. Prejudgment Interest as applicable;
3. Reasonable attorney's fees and costs; and
4. Such other and further relief as the Court considers just and proper.

Respectfully submitted:

s/John L. McCants
John L. McCants (S.C. Fed. ID # 4870)
Christopher L. Boguski (S.C. Fed. ID # 11564)
ROGERS LEWIS JACKSON MANN & QUINN, LLC
1901 Main Street, Suite 1200 (29201)
P.O. Box 11803
Columbia, SC 29211
Tel: 803-978-2832
Fax: 803-252-3653
Email:jmccants@rogerslewis.com;
cboguski@rogerslewis.com
ATTORNEYS FOR PLAINTIFF

February 13, 2018
Columbia, South Carolina